**FILED & ENTERED**

**FEB 03 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>UNRIVALED BRANDS, INC.,<br><br><br>        Debtor and debtor in possession, | Lead case no.: 2:24-bk-19127-BB<br>Jointly administered with Halladay Holding, LLC, case no. 2:240bk-19128-BB)<br><br>CHAPTER 11<br><br>**ORDER DENYING MOTION TO PARTICIPATE IN JUDICIAL SETTLEMENT CONFERENCE** |
| In re:<br><br>HALLADAY HOLDING, LLC,<br><br><br>        Debtor and debtor in possession. | (No hearing held) |
| AFFECTS BOTH DEBTORS.<br>. | |

The Court, having reviewed and considered the January 27, 2025 motion of Dominion Capital, LLC and M2B Funding Corp. (jointly, "Creditors") for an order permitting Creditors to attend the judicial settlement conference currently scheduled for February 12, 2025 at 9:30 a.m. before the Honorable Robert Kwan [Docket No. 106]

(the "Motion"), the opposition of People's California, LLC ("People's") thereto [Docket No. 114, filed February 3, 2025] and Creditors' reply to the foregoing opposition [Docket No. 115, filed February 3, 2025], hereby makes the following findings:

1. People's does not share Creditors' view that nothing can be accomplished at a settlement conference without Creditors' participation;

2. There is no requirement that a party whose consent may (or may not) be necessary or desirable to effectuate a resolution of a particular dispute be permitted to participate in all meetings and discussions concerning possible settlement strategies;

3. If the parties in attendance at the settlement conference (the "Parties") negotiate a proposed resolution of their respective disputes and Creditors believe that this proposed resolution adversely affects their rights, Creditors will have the opportunity to object to any proposed compromise when it is submitted for court approval;

4. The Parties remain free to invite the Creditors to participate in later settlement discussions should they consider this necessary or desirable, or they may conclude that it would be preferable to seek court approval of any resolution that they may negotiate over any objections that Creditors may choose to assert; and

5. This Court does not intend to substitute its own judgment (or that of Creditors) for that of People's as to the best way to facilitate a settlement of the Parties' respective disputes.

In light of the foregoing,

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

### # # #

Date: February 3, 2025

Sheri Bluebond
United States Bankruptcy Judge